[No. 3203.    Decided July 17, 1899.]

WILLIAM S. SIBSON *et al., Appellants,* v. THE HAMILTON & ROURKE COMPANY, *Respondent.*

RECEIVERS—APPOINTMENT IN FORECLOSURE SUIT.

In an action to foreclose a mortgage upon an elevator system, the mortgagor, a corporation, is entitled to the appointment of a receiver, where it had turned the system over to the mortgagee, authorizing the latter to operate it and apply the profits to the payment of the mortgage debt, although the mortgagee, in the operation of the business, placed one of the mortgagor's chief officers in charge thereof, who, by reason of speculation and the adoption of illegitimate business methods, lost money, since such officer was the agent of the mortgagee, even if largely interested in the mortgagor corporation.

INJUNCTION—RESTRAINING INSTITUTION OF ACTIONS—EFFECT OF DECREE.

An injunction prohibiting the complainant in a suit from commencing further suits auxiliary to the main suit does not prevent the complainant from making any defense, or prosecuting any cross action, with reference to the subject matter of the original suit, when subsequently sued by the defendants in that action.

Appeal from Superior Court, Whitman County.—Hon. WILLIAM McDONALD, Judge. Affirmed.

Action by Sibson & Kerr against The Hamilton & Rourke Company, a corporation, to foreclose a mortgage,

or trust deed, upon defendant's property, consisting of a system of warehouses extending through the states of· Washington and Oregon. The plaintiffs took charge of the system, under the terms of the trust deed, and operated it themselves, for the purpose of applying the profits to the liquidation of the mortgage debt. In operating the system themselves, they placed Thomas F. Rourke, the president of the mortgagor corporation, in charge as their agent. The system was operated at a loss, owing to the mismanagement and wheat speculations of the latter. To the suit for foreclosure, the Hamilton & Rourke Company filed a cross-complaint asking for an accounting and the appointment of a receiver to take charge of the mortgaged property. From an order appointing a receiver, the plaintiffs appeal.

*Williams, Wood & Linthicum* and *H. W. Canfield,* for appellants.

*Wyman & Neill* and *D. W. Bailey,* for respondents.

PER CURIAM.—Appeal from an order of the superior court of Whitman county appointing a receiver of certain property of respondent which had been delivered to appellants as trustees. From the record we have concluded that the order should be affirmed, for the reason that it appears to us that Rourke was the agent of the appellants, and not of the respondent. He was appointed by appellants, subject to removal by them; and, however great his interest in the respondent corporation might be, it did not relieve appellants of the duty to respondent of seeing that the trust property was not destroyed, or the object of the trust rendered nugatory, through the act of appellants' agent. Upon the record here presented—not desiring to go beyond it, or to prejudice the case that may come here upon appeal from the final judgment—we are constrained to hold that the respondent corporation is not chargeable

with the acts of misconduct which are alleged in appellants' affidavit to have been committed by Rourke. We do not think that the injunction issued by the circuit court of Umatilla county, Oregon, which enjoined and restrained respondent from commencing actions at law or suits in equity involving the subject matter involved in that suit, can be held to prevent it from making any defense or prosecuting any cross action when sued by the appellants, as it was in the present case. The only effect of that injunction, as it seems at present to us, would be to prevent the respondent from taking the initiative in a judicial contest.

Upon the record, we think the trial court did not abuse its discretion, and the order will be affirmed.